UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

GIONATA BARGELLINI

                              Plaintiff,

    -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; JOSEPH F. X. CUNNEEN, Assistant Chief;
JAMES O'CONNELL, Deputy Inspector, 77th Precinct; each
being sued individually and in their official capacities as
employees of the Police Department City of New York.

                              Defendants.

----------------------------------------------------------------------------X

<u>Amended Complaint</u>

Jury Trial Demand

07 CV 767 (ENV)(SMG)

Judge Eric N. Vitaliano

      The plaintiff GIONATA BARGELLINI, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; JOSEPH F. X. CUNNEEN; and JAMES O'CONNELL respectfully set forth and allege that:

## INTRODUCTION

1.    This is an action for equitable relief and money damages on behalf of the plaintiff GIONATA BARGELLINI, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of his civil and constitutional rights as a result of the defendants' failure to promote him to Captain.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection

of all persons in their civil rights and the redress of deprivation of rights under color of law.

3. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern and Southern Districts of New York.

## PLAINTIFF

4. Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Nassau County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

5. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

6. Defendants' RAYMOND W. KELLY, as Police Commissioner; JOSEPH F. X. CUNNEEN, as Assistant Chief, Commanding Officer, SATCOM Brooklyn North; and JAMES O'CONNELL, as Deputy Inspector, Commanding Officer, 77th Precinct, individually and in their official capacities as employees of the Police Department City of New York.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

8. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## BACKGROUND

9. Plaintiff alleges that on or about July 28, 1994, he was appointed to the position of police officer with the NYPD.

10. Plaintiff alleges that in or around April 2004, he was assigned to the 77th Precinct.

11. Plaintiff alleges that he was on the eligible's list for Promotion to Captain, New York City Police Department Examination No.: 1544, List No.: 136.

12. Plaintiff alleges that in or around the end of August 2004, the Republic National Convention (hereinafter referred to as "RNC") was scheduled to be held in New York City.

13. Plaintiff alleges that in preparation for the RNC, police executive management suspended the regular chart and implemented a temporary chart for the RNC.

14. Plaintiff alleges that on or about August 24, 2004, under the authority of the Chief of the Department, the Department sent a message through the Finest Message Switching System addressed to all commands which stated in pertinent part, "In order to properly police the [RNC] and related events, the working chart will be suspended effective 0001 hours Sunday, August 29, 2004.  Overtime will be authorized and regular days off will be cancelled on *an as needed basis only*." [emphasis added]

15. Plaintiff alleges that on or about August 26, 2004, he met with Operations Coordinator Lieutenant William Schweitzer and requested a day off and it was granted.

16. Plaintiff alleges that on or about August 28, 2004, he met again with Lieutenant

William Schweitzer and during this meeting, they discussed the RNC Convention.

17. Plaintiff alleges that during their conversation, Lieutenant William Schweitzer never told him that he would have to work on August 30, 2004.

18. Plaintiff alleges that on or about August 28, 2004, he reported to work at approximately 2315 hours and went end of tour on August 29, 2004, at or about 1200 hours.

19. Plaintiff alleges that on or about August 30, 2004, he was on his Regular Day Off.

20. Plaintiff alleges that on or about August 31, 2004, he reported to work and was informed by his colleagues that police management were allegedly looking for him on August 30, 2004.

21. Plaintiff alleges that shortly thereafter, he was suspended for three weeks, transferred to a different command, and placed on a different tour of duty.

22. Plaintiff alleges that on or about September 2, 2004, he received Charges and Specifications preferred against him by defendants' JOSEPH F.X. CUNNEEN and JAMES O'CONNELL alleging that he was in violation of the following department regulations: PG 203-05 Pg. #1 para. #1.  Specifically, plaintiff was accused of the following misconduct, "Said Lieutenant Gionata Bargellini, assigned to the 77th Precinct scheduled to perform a 2330 x 1200 tour of duty, on August 30, 2004 was absent from his assignment, a period of one (1) day without leave."

23. Plaintiff alleges that on or about January 31, 2005, he was informed by the Employee Management Division that he was not selected for promotion to Captain.

24. Plaintiff alleges that on or about January 31, 2005, defendants' CITY and RAYMOND W. KELLY promoted fifteen (15) uniformed members to the rank of

Probationary Captain surpassing his list number.

25. Plaintiff alleges that on or about July 6, 2006, the aforementioned Charges and Specifications were adjudicated.

26. Plaintiff alleges that on or about August 14, 2006, he was found Guilty and the recommended penalty was time served while on suspension.

27. Plaintiff alleges that on or about October 9, 2006, defendant RAYMOND W. KELLY finally approved the Trial Commissioner's recommended penalty.

28. Plaintiff alleges that in the interim, the list from the Promotion to Captain, New York City Police Department Examination No.: 1544, expired.

29. Plaintiff alleges that defendants' CITY; RAYMOND W. KELLY; JOSEPH F.X. CUNNEEN and JAMES O'CONNELL purposely delayed adjudicating his case so that he would not be promoted to Captain.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### ABUSE OF AUTHORITY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

30. Plaintiff re-alleges paragraphs 1 through 29 and incorporates them by reference as paragraphs 1 through 29 of Count I of this complaint.

31. Defendants' RAYMOND W. KELLY; JOSEPH F. X. CUNNEEN; and JAMES O'CONNELL acting individually and in their official capacities as public officials of defendant CITY under color of law, personally interfered with and deprived plaintiff of his statutory and constitutional rights, including the rights: to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

32. Defendants' having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

33. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT II
## FAILURE TO PROMOTE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

34. Plaintiff re-alleges paragraphs 1 through 33 and incorporates them by reference as paragraphs 1 through 33 of Count II of this complaint.

35. Defendants' RAYMOND W. KELLY; JOSEPH F. X. CUNNEEN; and JAMES O'CONNELL acting individually and in their official capacities as public officials of defendant CITY under color of law, personally interfered with and deprived plaintiff of his statutory and constitutional rights, including the rights: to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

36. Defendants' having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further

6

discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

37. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## JURY TRIAL

38. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated:    Lake Success, N.Y.
          March 2, 2007

                    Respectfully submitted,

                    By: _____
                        Eric Sanders (ES0224)

                    Jeffrey L. Goldberg, P.C.
                    Attorneys for Plaintiff
                    2001 Marcus Avenue, Suite S160
                    Lake Success, NY 11042
                    516-775-9400